UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| IN RE: MOTION TO QUASH SUBPOENA, REQUEST FOR PROTECTIVE ORDER IN THE CASE OF: <br><br> EDNA-ALLEN and VICKI ALLEN-HUGHES, <br><br> Plaintiffs, <br><br> v. <br><br> WYNDHAM WORLDWIDE OPERATIONS, INC., et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:19-MC-25-TAV-DCP |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order of Referral [Doc. 8] by the District Judge.

Now before the Court is a Motion to Quash Subpoena, Request for Protective Order [Doc. 1], filed by Gail Matthews ("Movant"). Defendants have responded in opposition to the Motion [Doc. 10], and Movant filed a Reply [Doc. 12]. The Motion is ripe for adjudication.

By way of background, the Motion was originally filed in the Western District of Kentucky. Along with other requests for relief, Movant requested that the Motion be transferred to the Eastern District of Tennessee. In response, Defendants consented to transferring Movant's Motion to the instant forum. On May 30, 2019, Chief Judge Greg Stivers transferred the Motion based on Movant's request and Defendants' consent. The Court has considered the filings in this matter, and for the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion [**Doc. 1**].

**I.     POSITIONS OF THE PARTIES**

Movant requests [Doc. 1][1] that the Court quash a subpoena setting her deposition for May 23, 2019.[2] In addition, Movant requests a protective order prohibiting Defendants from taking her deposition in this case. Movant states that she was originally listed in the initial disclosures exchanged in this case as an individual having relevant knowledge of the facts, but Plaintiffs revised their initial disclosures and removed her name. Movant denies that she has knowledge of any relevant facts in this matter. Movant states that she filed her own case against Defendants in the Middle District of Tennessee and answered written discovery, so they already know about her experience in buying a timeshare. Movant argues that Defendants do not need her deposition to defend the instant matter and that subpoenaing her deposition was to annoy, oppress, and burden her. Movant states that Defendants are acting in bad faith and are trying to increase the costs of the litigation.

Defendants filed a Response [Doc. 10], agreeing to hold the subpoena in abeyance until the completion of Plaintiffs' depositions in this action or the related cases in order to further establish the basis regarding the relevancy of information sought from Movant. Defendants agree to work with Plaintiffs' counsel in an attempt to reach an agreement as to the timing and scope for such depositions in order to avoid the necessity of further involvement of the Court. Defendants argue that their subpoena to Movant was proper and that the scope of non-party discovery is broad. Defendants sought to depose Movant in support of their defenses in the cases pending in the Eastern District of Tennessee. Defendants argue that Movant's testimony was not sought in

---

[1] The Court notes that Movant filed her Motion pro se. After the case was transferred, Attorney Givens filed Movant's Reply on her behalf.

[2] Defendants agreed to postpone the deposition, pending the Court's ruling on the Motion.

2

relation to the merits of her now dismissed lawsuit; but rather, her knowledge of timeshare relief company solicitation. Defendants argue that such information is highly probative of their defenses because they believe that timeshare companies wrongfully solicited individuals to file lawsuits. Defendants list a number of questions, claiming that such questions go to the heart of their affirmative defenses, the various plaintiffs' motives in filing lawsuits, and plaintiffs' credibility.

Defendants maintain that the subpoena directed to Movant was made in good faith because they believe that she is uniquely suited to provide testimony that will lead to the discovery of information relevant to timeshare relief companies and Defendants' defenses. Defendants state that Movant filed her own case in the Middle District of Tennessee but dismissed her case with prejudice just one week before her deposition. Defendants state that during her deposition, they would have questioned her regarding what, if any, contact she had with timeshare relief companies. Defendants state that to the extent any improper legal solicitation pervades these cases, Movant is a unique, non-party that likely has knowledge of the wrong doing. Defendants state that Movant's dismissal of her own case on the eve of her deposition is highly suspicious, and they believe that her dismissal is correlated with Movant's knowledge of improper solicitation by timeshare relief companies. Defendants assert that such gamesmanship in discovery is disfavored.

Further, Defendants argue that Movant's deposition is proportional to the needs of this case for similar reasons as above. Specifically, Defendants argue that Movant is uniquely suited to provide them with information related to the timeshare relief companies, which is highly probative of their defenses. Defendants state that Movant will not be unduly burdened by sitting for a deposition. Defendants state that the subpoena provided her ample time to prepare or schedule a different date if she had a conflict and the topics were limited in scope. Defendants state that the

3

information relative to the non-attorney timeshare relief companies is neither confidential, nor privileged.

Movant filed a Reply [**Doc. 12**], maintaining that the Court should enter a protective order prohibiting her deposition. Movant states that in a letter to Defendants, her counsel unequivocally acknowledged that Movant will not be used as a witness to support any claim or defense in this case or any cases presently pending. Further, Movant maintains that her name was removed from Plaintiffs' initial disclosures. Movant asserts that Defendants' request for her deposition is simply a fishing expedition and argues that Defendants failed to articulate how her deposition is relevant to this specific case. Movant asserts that Defendants cannot establish that her testimony is relevant under Federal Rule of Evidence 401. Movant states that if Defendants want to discover relevant evidence in this case, they can simply ask Plaintiffs whether timeshare relief companies solicited them. Movant states that it strains credulity for Defendants to argue that the best way of procuring data for these nominal, undifferentiated defenses in this case is to depose her.

## II. ANALYSIS

Accordingly, the Court has considered the positions as outlined above, and for the reasons more fully explained below, the Court hereby **GRANTS IN PART AND DENIES IN PART** the Motion [**Doc. 1**]. As mentioned above, the Motion seeks two types of relief: (1) quashing the subpoena, and (2) entering a protective order prohibiting Defendants from taking Movant's deposition. The Court will first address Movant's request to quash the subpoena and then turn to the request to prohibit Defendants from taking her deposition.

As an initial matter, in Defendants' Response, they agree to hold the subpoena in abeyance until after the completion of Plaintiffs' depositions in this action or the related cases in order to further establish the basis regarding the relevancy of information sought from Movant. Defendants

further agree to work with Plaintiffs' counsel in an attempt to reach an agreement as to the timing and scope for such depositions in order to avoid the necessity of further involvement of the Court. While Defendants agree to hold the subpoena in abeyance, the Court finds that the better course of action is to **QUASH** the subpoena, which sets the deposition for May 22, 2019, and includes document requests, and permit Defendants to issue another subpoena if they believe such discovery is warranted under Rule 26(b).

Further, Movant seeks a protective order prohibiting her deposition in this case. Under Rule 26(c)(1)(G), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Further, good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought . . ." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987)); *see also In re Skelaxin Antitrust Litig.*, 292 F.R.D. 544, 549 (E.D. Tenn. 2013) ("To show good cause, the moving party must articulate specific facts that show a clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient."). "The burden of establishing good cause for a protective order rests with the movant." *Nix*, 11 Fed. App'x at 500.

In the instant matter, Movant primarily asserts that her deposition testimony is not relevant to the issues in this case. "Although irrelevance . . . [is] not specifically listed under Rule 45 as a basis for quashing a subpoena, courts 'have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26.'" *Medical Center at Elizabeth Place, LLC v. Premier Health Partners*, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011)). Relevancy for discovery purposes, however, is traditionally quite broad. *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

At this time, the Court finds that Movant has not established good cause for prohibiting her deposition from ever taking place in this case. As explained above, the Court has quashed the present subpoena, and Defendants have agreed to continue with discovery and reassess the relevancy for Movant's deposition after completing additional discovery. Thus, ruling on the relevancy of Movant's deposition at this time is premature. If Defendants serve Movant with another subpoena for her deposition testimony, she may move to quash the subpoena at that time. Accordingly, the Court declines to enter a protective order prohibiting Defendants from taking Movant's deposition.

### III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **GRANTS IN PART AND DENIES IN PART** Movant's Motion to Quash, Request for Protective Order [**Doc. 1**]. The subpoena is hereby **QUASHED**, but the Court declines to enter a protective order at this time. The case will remain open pending any future discovery disputes.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge